## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

Dr. Sebastian Okechukwu Mezu, Chairman
EMEKUKU COMMUNITY BANK NIGERIA LIMITED,
4011 Old Court Road
Pikesville, Maryland 21208

    Plaintiff,
                                             :
    v.                             :       Civil No.  JKB-12-2865
                                             :

Progress Bank of Nigeria PLC
Nigeria Deposit Insurance Corporation (NDIC)
c/o Alhaji Umaru Ibrahim, mni.
Managing Director & Chief Executive
**Plot 447/448 Constitution Avenue**
**Central Business District**
**P.M.B. 284, Garki**
**Abuja, Nigeria**


Nigeria Deposit Insurance Corporation (NDIC)
c/o Alhaji Umaru Ibrahim, mni.
Managing Director & Chief Executive
**Plot 447/448 Constitution Avenue**
**Central Business District**
**P.M.B. 284, Garki**
**Abuja, Nigeria**

    Defendants.        :

### PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

Plaintiff, Dr. Sebastian Okechukwu Mezu, Chairman of Emekuku Community Bank through undersigned counsel, hereby responds to the Show Cause Order of this Court entered September 26, 2012 as follows:

**I.**    **The Maryland Uniform Foreign Money-Judgments Act**
        **Confers Subject Matter Jurisdiction to this Court**

Maryland, like the vast majority of states, has adopted the Uniform Foreign Money-Judgments Recognition Act (Recognition Act), which is currently codified at Md. Code Ann., Cts. & Jud. Proc. § 10-701 *et seq*. That Act was intended to promote principles of international comity by assuring foreign nations that their judgments would, under certain circumstances, be given recognition by courts. *Pitman v. Aran*, 935 F. Supp. 637 (D. Md. 1996). The Maryland Court of Special Appeals has stated that, "the Uniform Foreign Money-Judgments Recognition Act was intended to promote principles of international comity by assuring foreign nations that their judgments would, under certain well-defined circumstances, be given recognition by courts in states which have adopted the Uniform Act." *Wolff v. Wolff*, 40 Md. App. 168, 389 A.2d 413, 417 (1978), *aff'd*, 285 Md. 185, 401 A.2d 479 (1979); *accord Bank of Montreal v. Kough,* 430 F. Supp. 1243, 1249 (N.D.Cal. 1977), *aff*'d, 612 F.2d 467 (9th Cir. 1980) ("the purpose of the Uniform Act was to create greater recognition of the state's judgments in foreign nations . . . by informing the foreign nations of particular situations in which their judgments would definitely be recognized"). After all, as the United States Supreme Court has explained,

> Once it has been determined by a court of competent jurisdiction that the defendant is a debtor of the plaintiff, there would seem to be no unfairness in allowing an action to realize on that debt in a State where the defendant has property, whether or not that State would have jurisdiction to determine the existence of the debt as an original matter.

*Shaffer v. Heitner* 433 U.S. 186, 201, n.36 (1977).

Of course, the federal courts that sit in Maryland have the power and jurisdiction to enforce the Foreign Money-Judgments Act under their diversity jurisdiction. *See, e.g*, *Pitman v. Aran*, 935 F. Supp. 637 (D. Md. 1996); *Guinness PLC v. Ward*, 955 F.2d 875, 884 (4th Cir. Md. 1992)(noting that a foreign judgment meeting the requirements of § 10-702 of the Act is conclusive between the parties to the extent that it grants or denies recovery of a sum of money

and is enforceable in the same manner as the judgment of a sister state which is entitled to full faith and credit, including in a federal diversity action).

Section 10-702 of the Act states that, "This subtitle applies to a foreign judgment that is final, conclusive, and enforceable where rendered even though an appeal is pending or it is subject to appeal." Where the judgment is indeed final and conclusive, which is the case here, as it seeks to enforce a judgment entered by the Federal High Court in Nigeria in 1999, and signed and sealed by that Court's presiding judge on August 1, 2001, section 10-703 of the Act states that such foreign judgment " is conclusive between the parties to the extent that it grants or denies recovery of a sum of money. The foreign judgment is enforceable in the same manner as the judgment of a sister state which is entitled to full faith and credit." There are specific grounds for non-recognition found in section 10-704 (*e.g.,* the judgment was entered in a system that does not have impartial tribunals or the judgment offends public policy in Maryland or the United States generally, or it arises from certain sorts of defamation claims), but these grounds do not apply in the case at bar.

**II.     An Amended Complaint is Proper**

Where, as here, there is a clear basis for this Court's jurisdiction, which basis provides for exactly the same relief as the original pleading before this Court, there can be no harm or prejudice in an amended pleading that would state the basis for subject matter more clearly. Accordingly, Plaintiff respectfully requests leave of court to amend the complaint as per attached First Amended Complaint.

Respectfully Submitted:

        /s/ C. Valerie Ibe, Esq.
C. Valerie Ibe, Esq.
Law Offices of C. Valerie Ibe
A Professional Law Corporation
1008 Reisterstown Road,
Pikesville, Maryland 21208
Bar No: 29755
Telephone: 410-484-1247
Email:kancvi@aol.com