IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **SEBASTIAN OKECHUKWU MEZU,** | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-12-2865 |
| **PROGRESS BANK OF NIGERIA, PLC,** *et al.*, | * | |
| | * | |
| **Defendants** | | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Plaintiff Dr. Sebastian Okechukwu Mezu, who indicates he is chairman of Emekuku Community Bank Nigeria Limited ("Emekuku"), in Pikesville, Maryland, brought this action under the Court's diversity jurisdiction against Progress Bank of Nigeria PLC ("Progress Bank") and Nigeria Deposit Insurance Corporation ("NDIC"), both of which are located in Abuja, Nigeria. (Compl., ECF No. 1; Am. Compl., ECF No. 6.) Plaintiff's prayer for relief is that this Court record and recognize the foreign money judgment against the Defendants, jointly and severally. (Am. Compl. 4.)

Sitting in diversity, this Court applies the law of the forum state, which in this case is Maryland. *Erie R.R. Co. v. Tompkins*, 304 U.S 64, 78 (1938). Maryland has a statute that grants recognition to a foreign state's money-judgment, *i.e.*, one granting or denying recovery of a sum of money, "that is final, conclusive, and enforceable where rendered." Md. Code Ann., Cts. & Jud. Proc. §§ 10-701(b), 10-702 (LexisNexis 2013) ("Recognition Act"). Nigeria fits within the definition of "foreign state" in the Recognition Act. Md. Code Ann., Cts. & Jud. Proc. § 10-701(c).

Plaintiff has supplied an authenticated copy of a default judgment obtained by Emekuku against two entities, one of which is Progress Bank. (Compl. Ex. 1.) The judgment was entered "In the Federal Court Holden at Port Harcourt" on October 21, 1999, in the amount of ₦2,000,746.28 (two million seven hundred forty-six naira and twenty-eight kobo). According to the Plaintiff who is the Chairman and majority stockholder of Emekuku and who has been authorized by Emekuku's Board to file suit on its behalf, this amount of Nigerian money is equal to $23,860.73 in American money.[1] (*Id.* Ex. 2, pp. 2-3.) Also, according to the Plaintiff's recitation of Nigerian case law, Progress Bank has been liquidated by the NDIC but both the liquidated entity and the liquidator may be sued. (*Id.* p. 7.)

The docket entries indicate that Defendants have been served, but no member of this Court's bar has appeared on behalf of Defendants. Although the Clerk's Office received correspondence from an employee or officer of NDIC in response to Plaintiff's motion for default judgment, the correspondence was not accepted for filing because a corporation may not appear in this Court except through counsel. Local Rule 101.1.a (D. Md. 2011). Thus, Defendants have defaulted.

The judgment submitted to the Court by Plaintiff appears to meet the requirements for recognition under Maryland's Recognition Act. Accordingly, it will be recognized as a judgment of this Court. Because this Court is also bound in this diversity case to apply Maryland's rules for choice of law, *see Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941); *DiFederico v. Marriott Int'l, Inc.*, 714 F.3d 796, 807 (4th Cir. 2013), it will apply Maryland's choice-of-law rule for postjudgment interest on a foreign judgment. On this point, Maryland looks to the law of the forum (*lex fori*). *Mike Smith Pontiac, GMC, Inc. v. Mercedes-Benz of North America, Inc.*, 741 A.2d 462, 469 (Md. 1999). Because the forum is this federal

---

[1] In recognition of the representative nature of this proceeding, the Court will direct the Clerk to amend the docket to reflect the Plaintiff as bringing this suit on behalf of Emekuku.

2

Court, the postjudgment interest rate shall be the prevailing statutory rate on the day this judgment is docketed (.014%).  28 U.S.C. § 1961.

Recognition and enforcement of a foreign money-judgment are related, but separate, concepts in Maryland law.  *See R & D 2001, LLC v. Rice*, 938 A.2d 839, 844 (Md. 2008) (recognizing distinction between recognition and enforcement under both Maryland statutory law and Maryland common law).  *See also Guinness PLC v. Ward*, 955 F.2d 875, 889 (4th Cir. 1992), *cited in R & D 2001*, 938 A.2d at 844; *Pitman v. Aran*, 935 F. Supp. 637, 650 (D. Md. 1996).  Thus, although this Court is granting recognition to Plaintiff's judgment, the Court will also follow the procedures set forth in Maryland's Uniform Enforcement of Foreign Judgments Act ("Enforcement Act"), Md. Code Ann., Cts. & Jud. Proc. §§ 11-801–807, and direct the Clerk to mail notice of the filing of the judgment to the judgment debtors, who may if they wish—and if they appear through counsel—contest the enforceability of the judgment under governing principles of Maryland law, as reflected in the Recognition Act and the Enforcement Act and in the cases addressing this subject.  Accordingly, the Court will stay enforcement of the judgment for 30 days from the date it is docketed to permit Defendants to contest its enforceability.  Thereafter, enforcement will not be stayed unless and until a proper motion for such is filed and addressed by the Court.  Consequently, once the 30-day period has passed, Plaintiff will be free to employ the methods of enforcement typically available to judgment creditors unless a stay has been granted.

A separate order will issue.

DATED this <u>17th</u> day of June, 2013.

BY THE COURT:

_/s/_
James K. Bredar
United States District Judge

3