**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2013 DEC 12 P 12: 34

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

|  |  |
|---|---|
| SEBASTIAN OKECHUKWU MEZU, | * |
| Plaintiff | * |
| v. | * |
| PROGRESS BANK OF NIGERIA, PLC, *et al.*, | * |
| Defendants | * |

CIVIL NO. JKB-12-2865

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

The Court now considers Plaintiff's motion to alter or amend a judgment, pursuant to Federal Rule of Civil Procedure 59(e). (ECF No. 30). Plaintiff seeks an amendment to this Court's June 17, 2013, judgment (ECF No. 16) to include the prejudgment and postjudgment interest awarded by the judgment of "the Federal Court Holden at Port Harcourt," Nigeria. This Court has considered the motion and will amend its June 17, 2013, judgment as follows.

Sitting in diversity, this Court applies the law of the forum state, which in this case is Maryland. *Erie R.R. Co. v. Tompkins*, 304 U.S 64, 78 (1938). Maryland has a statute that grants recognition to a foreign state's money-judgment, *i.e.*, one granting or denying recovery of a sum of money, "that is final, conclusive, and enforceable where rendered." Md. Code Ann., Cts. & Jud. Proc. §§ 10-701(b), 10-702 (LexisNexis 2013) ("Recognition Act"). Nigeria fits within the definition of "foreign state" in the Recognition Act. Md. Code Ann., Cts. & Jud. Proc. § 10-701(c).

Plaintiff has supplied an authenticated copy of a default judgment obtained by Emekuku against two entities, one of which is Progress Bank. (Compl. Ex. 1.) The judgment was entered

"In the Federal Court Holden at Port Harcourt" on October 21, 1999, in the amount of ₦2,000,746.28 (two million seven hundred forty-six naira and twenty-eight kobo). According to the Plaintiff who is the Chairman and majority stockholder of Emekuku and who has been authorized by Emekuku's Board to file suit on its behalf, this amount of Nigerian money is equal to $23,860.73 in American money. (*Id.* Ex. 2, pp. 2-3.) On June 17, 2013, pursuant to the Recognition Act, this Court recognized the judgment submitted to the Court by Plaintiff as a judgment of this Court. (ECF No. 16.) Plaintiff now seeks an amendment to that judgment to reflect prejudgment and postjudgment interest, at rates of 21%, as awarded by the foreign judgment.

The foreign judgment awarded prejudgment interest from April, 1996, until the date of the entry of the judgment, October 21, 1999.[1] It is noted that the Nigerian judgment did not specify a sum certain for prejudgment interest. Thus, although prejudgment interest can be lawfully awarded by this Court, the Court is bound in this diversity case to apply applicable Maryland choice-of-law rules. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941); *DiFederico v. Marriott Int'l, Inc.*, 714 F.3d 796, 807 (4th Cir. 2013). The Court, therefore, must apply Maryland law to determine the rate of prejudgment interest, *see Fed. Sav. & Loan Ins. Corp. v. Quality Inns, Inc.*, 876 F.2d 353, 359 (4th Cir. 1989); *I.W. Berman Properties v. Porter Bros., Inc.*, 344 A.2d 65, 79 (Md. 1975), and the amount awarded should not exceed Maryland's maximum rate of interest. The Maryland Constitution states that the legal rate of interest is 6% unless otherwise provided by the Maryland General Assembly. Md. Const. art. III, § 57. Thus, this Court is bound by Maryland's legal rate of prejudgment interest, which is 6%, and shall apply that rate here. Further, this Court notes that prejudgment interest accrues

---

[1] The foreign judgment noted the principal and interest on the debt was fixed as of March 27, 1996, but then awarded prejudgment interest "from April 1996 until [October 21, 1999]." The Court interprets this as awarding prejudgment interest from April 1, 1996, to October 21, 1999.

2

as non-compounding interest, *i.e.*, simple interest. *Quesinberry v. Life Ins. Co. of North America*, 987 F.2d 1017, 1031 n.13 (4th Cir. 1993); *I.W. Berman Properties*, 344 A.2d at 79.

Because this Court is bound in this diversity case to apply Maryland's rules for choice of law, *see Klaxon Co.*, 313 U.S. at 496; *DiFederico*, 714 F.3d at 807, it will also apply Maryland's choice-of-law rule for postjudgment interest on a foreign judgment. On this point, the Maryland law holds that the rate of postjudgment interest on a foreign judgment is determined by the law of the forum (*lex fori*) and not by the law of the jurisdiction rendering the judgment (*lex loci*). *Mike Smith Pontiac, GMC, Inc. v. Mercedes-Benz of North America, Inc.*, 741 A.2d 462, 469 (Md. 1999) (citations omitted). Because the forum is this federal Court, postjudgment interest shall at be the prevailing statutory rate calculated from the date of the entry of the judgment. 28 U.S.C. § 1961. Accordingly, this Court is not beholden to apply the 21% interest rate awarded by the foreign judgment. Rather, this Court will calculate postjudgment interest according to the prevailing statutory rate as of October 21, 1999, the date of entry of the judgment. The prevailing statutory rate, therefore, is the "rate equal to the coupon issue yield equivalent (as determined by the Secretary of the Treasury) of the average accepted auction price for the last auction of fifty-two week United States Treasury bills settled immediately prior to the date of the judgment" — 5.12% compounded annually. 28 U.S.C. §§ 1961(a), (b) (1994). This Court also notes that postjudgment interest may accrue on the entire amount awarded by the foreign judgment, including prejudgment interest. *Quesinberry*, 987 F.2d at 1031-32; *I.W. Berman Properties*, 344 A.2d at 79.

Accordingly, this Court's June 17, 2013, judgment (ECF No. 16) shall be amended to include prejudgment interest, at a rate of 6% non-compounding, from April 1, 1996, through October 21, 1999, and statutorily prescribed postjudgment interest, at a rate of 5.12% compounded annually, from October 21, 1999, until liquidation of the debt.

3

A separate order will issue.

DATED this _11_ day of December, 2013.

BY THE COURT:

_James K. Bredar_
James K. Bredar
United States District Judge